IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CEATS, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 2:15-CV-01470-JRG-RSP |
| § | |
| TICKETNETWORK, INC. and § | |
| TICKET SOFTWARE, LLC, § | |
| § | |
| Defendants. § | |

## ORDER ON TICKETNETWORK'S OBJECTIONS TO CEATS, INC.'S CONTESTED ISSUES OF FACT AND LAW

TicketNetwork objects to Paragraphs 4–9, Section F, of CEATS's Contested Issues of Fact and Law as set forth in the Joint Pre-Trial Order [Dkt. # 209]. During the January 10, 2018, pretrial conference, the Court overruled TicketNetwork's objections to Paragraph 4 (refusing to allow CEATS to audit and inspect all records related to the Transaction pursuant to Section 5.5 of the Agreement) in light of Paragraphs 23 and 26 of CEATS, Inc.'s Counterclaims [Dkt. # 26], but did not decide the remaining points. The Court does so now.

**Paragraph 5:** The Court **SUSTAINS** TicketNetwork's objection. CEATS's pleadings do not reference the sending of the letter as a breach of the Settlement Agreement. Instead, CEATS attempts to rely on the "among other things" language in Paragraph 23 of its Counterclaims [Dkt. # 26]. H'rg Tr. (Jan. 10, 2018) [Dkt. # 237] at 44:18–21. But that language is not sufficient to provide notice to TicketNetwork of the alleged breach.

**Paragraph 6:** The Court **SUSTAINS** TicketNetwork's objection. Here, too, CEATS never included this alleged breach in its pleadings and relies on the "among other things" language. *Id.* at 49:15–18. CEATS also attempts to rely on Paragraph 10 of the Settlement Agreement and its designation of a Rule 30(b)(6) witness, but neither of those constitutes sufficient notice under the rules.

CEATS's reliance on the "among other things" language is improper. To allow a party to base its notice of claims on motions, briefing, witnesses designations, deposition testimony, and the like from various times during the lawsuit—as CEATS attempts to do here—defeats the purposes of a short and plain statement putting the defendant on notice of how it allegedly wronged the plaintiff. Moreover, it creates confusion for the parties and the Court as to the scope of the case, and a defendant should not be left to guess the different ways it supposedly breached the contract until the eve of trial.

**Paragraph 7–9:** Given their recency, CEATS understandably first raised these contentions with respect to the Joint Pre-Trial Order. But for the same reasons set forth above, the Court **SUSTAINS** TicketNetwork's objections.

\* \* \*

The Court **ORDERS** the contested issues set forth in Section F, Paragraphs 5–9 of the Joint Pretrial Order [Dkt. # 209] are not now, and never have been, a part of this case. Therefore, the Court precludes the parties from presenting evidence and argument that go solely to these issues.

SIGNED this 17th day of January, 2018.

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE