IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CEATS, INC., | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:15-CV-01470-JRG |
| TICKETNETWORK, INC., TICKET SOFTWARE, LLC, | § § § § § | |
| *Defendants*. | § | |

## ORDER

Before this Court is Defendants TicketNetwork, Inc. and Ticket Software LLC's (collectively, "TicketNetwork") Motion for Order to Show Cause Why CEATS or Others Should Not Be Sanctioned for Violation of Protective Order (the "Motion"). (Dkt. No. 349.) On April 30, 2019, the Court held an evidentiary hearing on the Motion (the "Hearing"). (Dkt. No. 364 (Hearing Transcript).) Having considered TicketNetwork's and Plaintiff CEATS, Inc.'s ("CEATS") (together, "Parties") initial briefing and proffered evidence (Dkt. Nos. 349, 354, 356, 359), the testimony of individuals involved in the violation of this Court's Protective Order[1] (*see generally*, Dkt. No. 364), and the Parties' post-hearing letter briefing (Dkt. Nos. 368, 369), the Court is of the opinion that the Motion should be and hereby is **GRANTED-IN-PART** and **CARRIED-IN-PART**.

It is therefore **ORDERED** that TicketNetwork shall pursue and receive additional discovery as to the breach of this Court's Protective Order to determine the full scope of the breach,

---

[1] It is undisputed that individuals associated with CEATS violated this Court's Protective Order. (*See e.g.*, Dkt. No. 368 at 2 ("Although there is no dispute that TN 002528 was considered confidential . . . . this was an accidental, inadvertent disclosure.") (Letter brief on behalf of CEATS).)

including up to five document requests, five interrogatories, and depositions of the individuals who were involved in the breach or who received protected information as a result of any breach—i.e., Ms. Sonja McAuliffe, Mr. Milford Skane, Mr. Peter Cook, Mr. Jeff Moorad, and Mr. Brian Billet (collectively, "Involved Individuals").[2]  The depositions taken shall be limited to not more than180 minutes for each individual, and all direct expenses (not including attorney's fees) related thereto shall be paid by CEATS.

It is also **ORDERED** that the Parties shall meet and confer to select (within the next week) a mutually agreeable  independent third-party to conduct forensic imaging of all hard drives and mobile devices of the Involved Individuals and that a subsequent review by such third-party (as well as review either in-camera or by a special master as the Court may later order) of all documents and emails be performed to confirm (1) a complete list of all individuals involved in the breach, (2) a complete identification of all individuals who received TicketNetwork's highly-confidential information, and (3) whether any other protected information besides the TicketNetwork Client Website List (i.e., TN 002528) was provided to CEATS in violation of the Protective Order.  This forensic investigation shall be conducted at CEATS' expense, with an audit report made available to the Court and each of the Parties.  Absent an agreement within the next week, the Court shall name a forensic investigator.

To the extent not addressed above, the Court **CARRIES** TicketNetwork's request that CEATS and any others involved in any breach of this Court's Protective Order jointly and severally pay all attorneys' fees and costs to the Court and TicketNetwork associated with CEATS' breach, including the fees and costs for investigating the breach, seeking relief from the Court, pursuing any discovery, and enforcing and monitoring related to the breach until the

---

[2] Should discovery identify additional individuals for whom TicketNetwork believes depositions or forensic investigations are warranted, TicketNetwork may move this Court to expand the scope of this Order by showing good cause and supporting evidence thereto.  Without such the scope of this order shall remain as set forth herein.

conclusion of the investigation and discovery ordered herein. Further, the Court **CARRIES** TicketNetwork's request for the Court to (1) extend the existing Licensing Bar to CEATS as an entity and any individual who received TicketNetwork's protected information, and (2) issue a corresponding injunction barring CEATS and any individual who received TicketNetwork's protected information from contacting, seeking licensing fees, suing, or seeking damages from or related to TicketNetwork or any of the companies or websites contained in the TicketNetwork Client Website List.

**So ORDERED and SIGNED this 13th day of May, 2019.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE