UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CEATS, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>TICKETNETWORK, INC. AND<br>TICKET SOFTWARE, LLC,<br><br>  Defendants. | Case No. 2:15-CV-1470-JRG-RSP |

**TICKETNETWORK'S MOTION TO RECALCULATE FEES ON REMAND**

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1

II. THE FIFTH CIRCUIT'S 2025 OPINION............................................................................. 1

III. KEY FACTS .......................................................................................................................... 2

IV. ARGUMENT ......................................................................................................................... 3

V. CONCLUSION...................................................................................................................... 4

# TABLE OF AUTHORITIES

**Page(s)**

**Other Authorities**

F.R.C.P. 37(a)(5)(A) ...........................................................................................................3

I.  **INTRODUCTION**

TicketNetwork submits this brief pursuant to the Court's order requiring a status report (Dkt. 600) and the parties' joint proposal for remand briefing (Dkt. 601).[1]

The Fifth Circuit's mandate instructs the Court to "conduct a revised calculation of the attorneys' fees award consistent with this opinion." Dkt. 599-1 at 27. This brief contains TicketNetwork's proposed re-calculation.

In short, TicketNetwork proposes two modifications: (1) removing the 5% fee enhancement that the Fifth Circuit vacated and (2) reducing fees by another 5% to account for the effort spent on the injunction issue during the applicable time period. Notably, the Court did not award fees for the appeal or the remand, so the injunction accounted for no more than 5% of the relevant effort.

II. **THE FIFTH CIRCUIT'S 2025 OPINION**

In brief, the Fifth Circuit reversed sanctions against Mr. Skane on due process grounds, reversed the injunction, vacated the Court's 5% fee enhancement, and remanded for re-calculation of fees owed by CEATS. Dkt. 599-1 at 2, 25-27. The dissent would simply have "slash[ed] the fee award by at least a couple hundred thousand dollars, in recognition of Ticket's low success rate on sanctions, and enter[ed] judgment," *id.* at 28, but the majority rejected this approach, which was not tied to any evidentiary record. Instead, the Fifth Circuit directed this Court to consider "whether any other *Johnson* factor supports a decrease to the lodestar," including "*Johnson* factor 8—the amount involved and results obtained," and also to "account for the fact that Ticket suffered no harm over the last five years as a result of CEATS's discovery violation and the fact that the

---

[1] Although the Court has not yet entered a scheduling order, the parties have agreed to proceed on their agreed schedule unless the Court instructs otherwise.

1

award of attorneys' fees was more than CEATS's jury award in the underlying litigation." *Id.* at 26.

### III.    KEY FACTS

The Court awarded fees to TicketNetwork for the cost of an investigation occasioned by CEATS's violation of the protective order and subsequent efforts to cover up that violation. The Court found that "[d]espite the numerous safeguards and certifications the Court employed to protect TicketNetwork's sensitive document, CEATS and the Involved Individuals recklessly disregarded those procedures and attempted to obfuscate their misdeeds once caught." Dkt. 477 at 10. The Fifth Circuit did not disturb this finding. The Court further found "the actions by the Involved Individuals gave rise to the very costs they now complain would lead to their financial ruin"; that "[t]hese costs were only amplified by their concealment and obfuscation efforts"; and that CEATS (through its CEO Mr. Skane) "made false statements to the Court and destroyed evidence to obfuscate discovery misconduct." *Id.* at 10; Dkt. 556 at 27. Again, the Fifth Circuit did not disturb these fact findings.

The Fifth Circuit did hold that "the record evidence only supports a theoretical risk of harm to Ticket. This hypothetical harm is insufficient to support litigation-ending sanctions." Dkt. 599-1 at 20. However, its analysis was directed to the harms TicketNetwork may have suffered due to the *misuse* of its confidential information. The Fifth Circuit did not find TicketNetwork suffered no fees and costs due to the investigation of CEATS's misconduct and CEATS's attempts at concealment. Thus, this Court's finding that CEATS's actions "resulted in actual costs to TicketNetwork in order to investigate and enforce the promises and safeguards ordered by the Court and previously agreed to by CEATS," Dkt. 477 at 10, remains undisturbed.

In its first fee award, this Court reduced TicketNetwork's request for $750,000 in fees to approximately $500,000. Dkt. 556 at 47. On remand, the Court reduced that amount to

2

$471,220.38 but then increased the amount to $494,781.40 based on the *Johnson* factors. *Id.* at 54, 58. Notably, the Court's fee award was limited to the period between CEATS's violation of the protective order and the Court's initial fee award; the Court declined any award for the appeal or post-appeal period. *Id.* at 51.

IV.  **ARGUMENT**

The extensive forensic investigation and CEATS's attempted coverup are well documented in the Court's previous orders and findings of fact. *See* Dkts. 371, 448, 477, 556. In brief, before the first appeal, the Court appointed forensic investigators, conducted two lengthy evidentiary hearings, and permitted extensive discovery and briefing. All of this effort was caused by CEATS's misconduct, and almost none of it was directed to the scope of any injunction. For example, at the first hearing, on May 1, 2019, the words "injunction" and "enjoin" do not appear at all. Dkt. 364. At the second hearing, on February 2, 2021, the word "enjoined" appears in one sentence and "injunction" appears nine times in 252 pages. Dkt. 435. And while TicketNetwork did request an injunction in its sanctions brief, there was not even a full section devoted to it. Dkt. 408. In short, while the injunction accounted for much of the appeal and post-appeal work, it accounted for very little of the pre-appeal work, certainly no more than 5%.

TicketNetwork thus proposes that the Court reduce its previous fee award by eliminating the 5% enhancement and then reducing the award by another 5%, from $471,220.38 to $447,659.36. This adjustment properly reflects TicketNetwork's lack of success on the injunction and properly compensates TicketNetwork for costs that it undisputedly did incur due to CEATS's misconduct. The fact TicketNetwork failed to prove up the additional harm it suffered due to the misuse of its confidential information does not negate the actual costs it incurred. *See* F.R.C.P. 37(a)(5)(A) ("the court must, after giving an opportunity to be heard, require the party or deponent

3

whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees").

An award of $447,659.36 would also be less than the $651,944.88 in fees and $459,800 in contract damages that CEATS previously obtained. CEATS's limited success with jury has no bearing on the costs TicketNetwork incurred. In addition, TicketNetwork's own failure to obtain an injunction is not relevant to 95% of the costs TicketNetwork actually incurred due to CEATS's misconduct.

Finally, the Court previously found CEATS and Mr. Skane jointly and severally liable, and the Fifth Circuit affirmed. Dkt. 556 at 60. Therefore, no adjustment is required due to the Fifth Circuit's holding that Mr. Skane may not be subject to sanctions.

## V.    CONCLUSION

For the foregoing reasons, the Court should order CEATS to pay fees to TicketNetwork in the amount of $447,659.36 to account for the costs TicketNetwork actually incurred due to CEATS's misconduct.

Dated: January 22, 2026            Respectfully submitted,

By: */s/ Matthew A. Colvin*
Matthew A. Colvin
Texas Bar No. 24087331
colvin@fr.com
Neil J. McNabnay
Texas Bar No. 24002583
mcnabnay@fr.com
Carl E. Bruce
Texas Bar No. 24036278
bruce@fr.com
David B. Conrad
Texas Bar No. 24049042
conrad@fr.com
Michael R. Ellis
Texas Bar No. 24102726
ellis@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: 214-747-5070
Facsimile: 214-747-2091

Jennifer Leigh Truelove
Texas Bar No. 24012906
jtruelove@mckoolsmith.com
McKool Smith – Marshall
104 East Houston St., Suite 300
Marshall, TX 75670
Telephone: 903-923-9000
Facsimile: 903-923-9099

Andrea L. Fair
Texas Bar No. 24078488
andrea@wsfirm.com
Ward, Smith & Hill, PLLC
P.O. Box 1231
1507 Bill Owens Parkway
Longview, TX 45604
Telephone: 903-757-6400
Facsimile: 903-757-2323

**COUNSEL FOR DEFENDANTS TICKETNETWORK, INC. and TICKET SOFTWARE LLC**

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via electronic mail on January 22, 2026, to all counsel of record who are deemed to have consented to electronic service.

                                                                       */s/ Matthew A. Colvin*
                                                                       Matthew A. Colvin